IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

**JULIE HOUSE**
**505 Scenic Drive**
**Clinton, Tennessee 37716,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　**No.: _____**

**Nyrstar Tennessee Mines –**
**Strawberry Plains, LLC**
**2421 W. Old Andrew Johnson Hwy.**
**Strawberry Plains, Tennessee 37871-3507,**

    **Defendant.**

## COMPLAINT

The Plaintiff, Julie House, appears by and through counsel and sues the Defendant, Nyrstar Tennessee Mines – Strawberry Plains, LLC and for cause of action would show the Court as follows:

1. The Plaintiff is a resident of Clinton, Anderson County, Tennessee who currently resides at 505 Scenic Drive, Clinton, Tennessee 37716.

2. The Defendant, Nyrstar Tennessee Mines – Strawberry Plains, LLC, is a Limited Liability Company registered to do and doing business in the State of Tennessee with its principal place of business at 2421 W. Old Andrew Johnson Highway, in Strawberry Plains, Tennessee 37871-3507. The request for waiver of service of process will be sent to the Defendant's Registered Agent, Tom Fellner at 120 Zinc Mine Circle, Gordonsville, Tennessee 38563-2136.

1

3. This action is filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq., 42 U.S.C. §1981a, and the Tennessee Human Rights Act, T.C.A. §4-21-101 et. seq.

4. This court has jurisdiction pursuant to 28 U.S.C. §1331, because it involves claims arising under federal law, to wit: 42 U.S.C.§2000e et. seq., and 42 U.S.C. §1981a. This court has jurisdiction over the supplemental claims raised under the Tennessee Human Rights Act pursuant to 28 U.S.C. §1367. Venue is proper under the code provisions of 28 U.S.C. §1391.

5. The Defendant is an employer engaging in an industry affecting commerce.

6. Upon information and belief, the Defendant at all times herein relevant employed more than 300 employees throughout its facilities in Strawberry Plains, Tennessee.

7. At all times stated herein, the Defendant was and currently is an "employer" within the meaning of 42 USC §2000e(b) and T.C.A. §4-21-102(4).

8. The Plaintiff was hired by the Defendant in October, 2009 as a staff accountant. Plaintiff initially had no problems with her work environment and received no criticism of her job performance.

9. In December 2009, a position was posted for a "Business Analyst." Three (3) internal candidates, all of whom were women, applied for the position, including the Plaintiff. None of the three female applicants were offered an interview in the time period between December, 2009 and August, 2010.

10. When Plaintiff received her performance review in July, 2010 she was advised by her supervisor that if she continued to date a male employee at work, she would not advance within the company. There were no policies preventing employees from dating.

2

11. In or about the summer of 2010, the Plaintiff complained about the fact that none of the three internal female candidates had been even interviewed for the position of "Business Analyst." Eventually, after the Plaintiff complained that the women were being ignored, the women were interviewed in August, 2010. The position was initially offered to an external male candidate. After he rejected the position, the position was offered to the Plaintiff on August 30, 2011.

12. After Plaintiff had been offered the position, the offer was subsequently withdrawn allegedly on September 3, 2011 because the company did not properly follow the hiring and interview procedures. The Plaintiff avers that the real reason that the offer was withdrawn was because after the offer was made, she announced her engagement to a man who was a mine superintendent with the Defendant.

13. Throughout the Plaintiff's employment with the Defendant, she was routinely subjected to comments that were demeaning to herself and other females. She was told, for example, that women were "just difficult" and that women were all "just bitches." The demeaning derogatory statements created a hostile work environment based on the Plaintiff's gender.

14. On or about December 15, 2010, the Plaintiff submitted a corporate perception survey wherein she stated that harassment/discrimination issues in the workplace were not being addressed.

15. Despite raising her concerns in December, 2010 about the sexual discrimination and harassment issues in the workplace, nothing was done to deal with this situation and the hostile comments about women continued.

16. Feeling that nothing was being done to address the issues, the Plaintiff sent an email on April 29, 2011 to Tracy Rhodes in Human Resources asking the company to

address the hostile work conditions that were being allowed to fester under the management of John Easton. That afternoon, the Plaintiff was summoned to a meeting with her boss, Tom Fellner and other managers. During the meeting on April 29, 2011, more demeaning comments were made, including comments about women being difficult to work with.

17. Despite the fact that the Plaintiff had directly asked Human Resources to deal with the discrimination/harassment issues, no actions were taken. Four days later the Plaintiff was summarily terminated for "performance issues". This termination was contrary to the Defendant's internal policies and procedures regarding dismissal.

18. The reasons given by the Defendant to justify the Plaintiff's termination are pretextual. The Plaintiff avers that she was terminated in retaliation for raising issues and concerns regarding sexual harassment and sexual discrimination in the workplace.

19. The Plaintiff timely filed a Charge of Discrimination with the EEOC on or about August 22, 2011. An exact copy of the Charge of Discrimination is attached as Exhibit 1 and the same is incorporated herein by reference.

20. On or about February 14, 2012, the EEOC issued the Plaintiff's right to sue notice. A copy of that right to sue notice is attached as Exhibit 2.

21. This suit is timely filed.

## COUNT I

22. The allegations of Paragraphs 1 through 21 are incorporated herein by reference.

23. The Defendant has discriminated against the Plaintiff based on her sex and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. As a result of the Defendant's unlawful discrimination, the Plaintiff has lost tangible, economic benefits, including the loss of income. The Plaintiff has also sustained and will sustain great

4

emotional distress, embarrassment and humiliation as a result of the actions of the Defendant.

24. The actions of the Defendant are so egregious as to constitute willful actions, and thus the Plaintiff is entitled to punitive damages pursuant to 42 U.S.C. §1981a.

## COUNT II

25. The allegations of Paragraphs 1 through 24 are incorporated herein by reference.

26. The Defendant has discriminated against the Plaintiff based on her sex and gender in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101 et. seq. As a result of the Defendant's unlawful discrimination and retaliation, the Plaintiff has sustained and will continue to sustain emotional distress, embarrassment, humiliation and the loss of tangible, economic benefits as a result of the discrimination.

## COUNT III

27. The allegations of Paragraph 1 through 26 are incorporated herein by reference.

28. The unlawful actions of the Defendant, including her unjust termination after Plaintiff raised concerns about discrimination and harassment constitute illegal retaliation against the Plaintiff in violation of Title VII and the Tennessee Human Rights Act.

WHEREFORE, the Plaintiff prays for judgment against the Defendant as follows

1. Economic damage for the loss of Plaintiff's salary and benefits from the date of Plaintiff's termination in an amount not to exceed $250,000.00.

2. Compensatory damages for the Plaintiff's emotional distress, embarrassment and humiliation in the amount of $250,000.00.

5

3. Punitive damages in the amount of $250,000.00.

4. Pre-judgment interest.

5. Reasonable attorney fees.

6. Costs of this cause.

7. A jury to try this cause.

8. Such other relief as this Court deems appropriate.

Respectfully submitted this 23rd day of April, 2012.

*/s/ Pamela L. Reeves*
**PAMELA L. REEVES, BPR #: 006643**
**Reeves, Herbert & Murrian, P.A.**
*Attorney for Plaintiff, Donna Fox*
**2607 Kingston Pike, Suite 130**
**Knoxville, Tennessee 37919**
**(865) 540-1977**